supplied the purchase money, was associated in the transaction. An agent cannot be deprived of his commission merely because the actual purchaser takes title in another's name. Randrup v. Schroeder, 22 Misc. Rep. 367, 49 N. Y. Supp. 290. The gist of the action is, was the plaintiff the procuring cause of the sale? The details of the closing are but incidents of the transaction, which confer or destroy no rights. Even without resorting to the rule that the construction most favorable to the plaintiff must be put upon the testimony, it is clear that a cause of action was made out when plaintiff rested, and it was error to dismiss the complaint.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

---

BROCKMAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. October 4, 1900.)

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EQUALLY BALANCED EVIDENCE—INSTRUCTIONS.

Where the evidence as to how the accident happened was conflicting, and the charge of the trial court did not cover the question of equally balanced testimony, the refusal to instruct the jury "that if, upon the whole case, the evidence was equally balanced, either on the question of the defendant's negligence or of the plaintiff's freedom from contributory negligence, it must find for the defendant," was erroneous.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Morris J. Brockman against the Metropolitan Street-Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Henry A. Robinson (John T. Little, of counsel), for appellant.
Abraham Wieler (Jacob Marks, of counsel), for respondent.

PER CURIAM. This is an action brought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. The jury found a verdict in favor of the plaintiff, and from the judgment entered thereon this appeal has been taken. There was a clear-cut issue of fact between the parties with respect to the way in which the accident happened and who was responsible for it. The trial justice, at the close of his colloquial charge, was requested by the counsel for the defendant to charge the following proposition: "That if upon the whole case the evidence is equally balanced, either upon the question of the defendant's negligence or of the plaintiff's freedom from contributory negligence, it must find a verdict for the defendant." This the court refused to do, and the counsel for appellant duly excepted. The proposition embodied in the request was a sound one, and should have been charged by the court. Its refusal to do so was error, for which the judgment must be reversed. It is idle to say that the court had elsewhere in.

its charge, in effect, covered this point. We have examined the charge with care, and find nothing in it which fairly supports any such claim. It was an instruction of importance, pointing out to the jury what must be the inevitable result if they should find the evidence to be evenly balanced, and we cannot say that their verdict was not affected by the refusal of the court to charge as requested. In view of the conclusion to which we have come upon this point, it is unnecessary for us to consider the other exceptions in the case which were discussed by counsel upon the appeal.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.