no rights by the surrender of the certificate to the defendant. She was not vested with the slightest property right or other interest therein. The possession of the certificate gave her no right of enforcement of its provisions for her benefit. The right to receive the moneys secured to be paid by it was vested in the defendant immediately upon the death of the insured. This right could not be added to or taken away by the delivery or nondelivery of the certificate. So that there was no benefit that could by any possibility inure to the plaintiff by the delivery of the certificate, as she was wholly without interest in it or its proceeds.

It follows that the judgment should be affirmed, but without costs. All concur.

(34 Misc. Rep. 203.)

### NEWCOMB v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. February 25, 1901.)

STREET RAILWAYS—INJURIES—NEGLIGENCE—EVIDENCE—INSTRUCTION.

In an action for injuries, the refusal to charge that the burden of proving negligence on the part of defendant, and freedom from negligence on the part of plaintiff, rests on the plaintiff, and if the evidence of such negligence and freedom from negligence was evenly balanced the verdict must be for the defendant, constituted reversible error.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Michael Newcomb against the Metropolitan Street-Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

Henry A. Robinson, for appellant.

Shaw, Fiske & Shaw, for respondent.

PER CURIAM. This action was brought in the municipal court to recover damages for personal injuries, and was tried before a justice of that court and a jury, which found a verdict for the plaintiff for $204.04. This appeal is taken from the judgment entered upon such verdict.

Upon the trial, counsel for the defendant requested the court to charge the jury as follows:

"Inasmuch as the burden of proving the negligence on the part of the defendant and freedom from negligence on the part of the plaintiff rests upon the plaintiff, if the evidence in the case is evenly balanced the verdict of the jury must be for the defendant."

To this request the justice responded, "I refuse to charge that in that way," and the defendant's counsel excepted. This was clearly error, and prejudicial to the defendant. Brockman v. Railway Co., 32 Misc. Rep. 728, 66 N. Y. Supp. 339. As the subject of this request was not alluded to in the colloquial charge, the judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.