MICHAEL NEWCOMB, Respondent, *v.* THE METROPOLITAN STREET RAILWAY CO., Appellant.

(Supreme Court, Appellate Term, February, 1901.)

Negligence — Incorrect charge as to the burden of proof.

> A refusal of the court, in an action based on negligence, to charge at the defendant's request that "Inasmuch as the burden of proving the negligence on the part of the defendant and the freedom from negligence on the part of the plaintiff rests upon the plaintiff, if the evidence in the case is evenly balanced, the verdict of the jury must be for the defendant" is prejudicial to the latter and requires a reversal of a judgment for the plaintiff.

APPEAL from a judgment of the Municipal Court of the city of New York, tenth district, borough of Manhattan.

Henry A. Robinson, for appellant.

Shaw, Fisk & Shaw, for respondent.

*Per Curiam.*    This action was brought in the Municipal Court to recover damages for personal injuries, and was tried before a justice of that court and a jury, which found a verdict for the plaintiff for $204.04.

This appeal is taken from the judgment entered upon such verdict.

Upon the trial counsel for the defendant requested the court to charge the jury as follows:

"Inasmuch as the burden of proving the negligence on the part of the defendant and freedom from negligence on the part of the plaintiff rests upon the plaintiff, if the evidence in the case is

evenly balanced, the verdict of the jury must be for the defendant." To this request the justice responded, " I refuse to charge that in that way " and the defendant's counsel excepted. This was clearly error and prejudicial to the defendant. Brockman v. Metropolitan St. R. Co., 32 Misc. Rep. 728. As the subject of this request was not alluded to in the colloquial charge, the judgment must be reversed.

Present: ANDREWS, P. J., O'GORMAN and BLANCHARD, JJ.

Judgment reversed and new trial ordered, with costs to appellant to abide event.