therefore, that a defendant, after having given evidence as to the truth of a charge made by him, should be allowed to testify as to his belief in the truth, as bearing on the question of his motive, as the truth alone is not a defense. But, where no proof of the truth of the charge is given, the defendant's belief can operate only in mitigation of punishment, and not as a defense, except in the case of excusable libel."

But in a case of malicious prosecution the defendant is not bound to prove the truth of the charge, but only that he had probable cause therefor,—that is, the cause which would have justified the action of an ordinarily prudent and cautious man, exercising conscience impartially, and reason without prejudice, upon the facts (Scott v. Coffee Co., supra, and authorities cited); and the defendant offered testimony for the purpose of establishing this defense. As malice may be inferred from want of probable cause, then testimony offered by plaintiff to establish want of probable cause warranted testimony on the part of the defendant that was competent, as tending to show absence of malice. We cannot say that the exclusion was harmless error. In McKown v. Hunter, supra, and in the leading case of Seymour v. Wilson, 14 N. Y. 567, similar errors were thought grave enough to warrant reversals. The witness, being the president of the defendant, and acting, it was alleged, for and in behalf of the corporation, could testify as to the intent or motive that characterized the transaction directed or guided by him on behalf of the corporation. Abb. Tr. Brief, § 479, citing Bank v. Kennedy, 17 Wall. 19, 29, 21 L. Ed. 554. This reversal is based solely upon the error in the exclusion of the testimony.

Judgment reversed; new trial granted; costs to abide the event. All concur.

---

(34 Misc. Rep. 554.)

SCHAEFER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. April 16, 1901.)

NEGLIGENCE—PREPONDERANCE OF EVIDENCE—INSTRUCTIONS.
   In a suit to recover for injuries, the court's refusal of an instruction that, if the evidence was equally balanced on either the question of defendant's negligence or plaintiff's freedom from negligence, they must find for defendant, with the statement, "I will let the jury say," implying that they were to determine the consequences attending evenly balanced testimony, is reversible error.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Annie Schaefer against the Metropolitan Street-Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

G. Glenn Worden, for appellant.
Matthew F. Ennis, for respondent.

PER CURIAM. The plaintiff recovered a judgment for $250 in an action for personal injuries. The justice in charging the jury,

after stating the versions of the respective parties, limited his instructions on the law to the statement that it was incumbent on the plaintiff to satisfy the jury, by a preponderance of evidence, that her injuries were occasioned solely by the negligence of the defendant, without any negligence on her part. Thereupon this colloquy ensued:

"Defendant's Attorney: I ask your honor to charge, if upon the whole case the evidence is equally balanced, either upon the question of the defendant's negligence or the plaintiff's freedom from contributory negligence, they must find a verdict in favor of the defendant. The Court: I will let the jury say. Defendant's Attorney: Will your honor charge that as requested? The Court: I decline. Defendant's Attorney: To your honor's refusal to charge as requested the defendant excepts."

There is nothing in the very brief charge that can be deemed to have covered this request. It was sound in law, and the defendant was entitled to have the jury so instructed. Brockman v. Railway Co., 32 Misc. Rep. 728, 66 N. Y. Supp. 339; Newcomb v. Same (Sup.) 68 N. Y. Supp. 780. The unqualified refusal, as well as the misleading inference involved in the statement, "I will let the jury say,"—implying that they were to determine the consequence attending evenly balanced testimony,—was certainly prejudicial to the defendant, and constitutes reversible error.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.